UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: DARVOCET, DARVON AND PROPOXYPHENE
PRODUCTS LIABILITY LITIGATION     MDL No. 2226


TRANSFER ORDER

**Before the Panel**:[*] On December 15, 2010, plaintiff in the Eastern District of New York *Esposito* action moved, pursuant to 28 U.S.C. § 1407, for centralization of a handful of actions in the Eastern District of New York. On March 30, 2011, the Panel heard oral argument on this motion. On April 11, 2011, the Panel issued two orders deferring its decision on centralization and to allow all parties to "express their views on the merits of Section 1407 centralization."[2] The Panel has found these new arguments quite helpful.

All responding plaintiffs – in eleven of the seventeen actions – agree that centralization is appropriate, arguing that all actions share complex questions of fact concerning the safety of Darvocet, Darvon and Propoxyphene. Responding plaintiffs variously support centralization in the Eastern District of New York, the Eastern District of Louisiana, the Western District of Louisiana, the Southern District of Ohio or the Northern District of Georgia. All responding defendants[3] oppose centralization on the ground that individualized fact issues – concerning primarily causation and product identification – predominate over any common factual issues. Some defendants also argue that they are named in only a few actions and threshold issues which may be case dispositive will

---

[*] Judges Paul J. Barbadoro and Margorie O. Rendell did not participate in the decision of this matter.

[2] The show cause order and the *Esposito* plaintiff's initial motion included an additional action, *Veronica Ceja, et al. v. Xanodyne Pharmaceuticals, Inc.*, N.D. Illinois, C.A. No. 1:11-00427, which was dismissed on July 25, 2011. Accordingly, the question of inclusion of this action in Section 1407 proceedings is moot.

  The Panel has been notified of seventeen related actions pending in multiple federal districts. These actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3] Xanodyne Pharmaceuticals, Inc. (Xanodyne); Eli Lilly and Co.; Mylan Pharmaceuticals Inc.; AAIPharma Services, Corp.; Teva Pharmaceuticals USA, Inc. and Teva Biopharmaceuticals USA, Inc.; Qualitest Pharmaceuticals, Inc., Propst Distribution, Inc., Vintage Pharmaceuticals, LLC, Vintage Pharmaceuticals, Inc., and Generics Bidco I, LLC; and Mallinckrodt, Inc., and Covidien, Inc.

- 2 -

be addressed more quickly if these actions remain in their transferor courts.  As an alternative, defendants suggest centralization in the Eastern District of Kentucky; some of these defendants alternatively support the Northern District of Georgia or suggest the Northern District of Illinois.

On the basis of the papers filed and hearing session held, we conclude that these actions do share factual issues as to whether (1) whether Darvocet, Darvon and other medications containing Propoxyphene were defectively designed and marketed, (2) which defendants manufactured, licensed or sold propoxyphene products during various times, and (3) whether defendants knew or should have known of the increased risk of cardiovascular injuries with these medications and failed to provide adequate warnings of them.  These products were removed from the U.S. market in December 2010, because the safety risks for cardiac complications and death outweighed their benefits for pain relief at recommended doses.  Defendants point out that plaintiffs allege a wide variety of injuries that may or may not be associated with cardiac complications.  We are unwilling, on the basis of the record before us, to make a determination that certain alleged injuries may not be appropriate for inclusion in this MDL.  We have full confidence in the transferee judge to refine the issues in this litigation and streamline pretrial proceedings, while directing the appropriate resolution of all claims.  Though only about thirty-five cases have been filed thus far, the Panel considered the distinct potential that many more cases may be forthcoming.  Centralization would help limit duplicative discovery, prevent inconsistent pretrial rulings on discovery and other issues, and conserve the resources of the parties, their counsel and particularly the judiciary.

In opposing centralization, defendants argue that the actions involve multiple individualized fact issues of causation and product identification which will require discovery unique to each case.  We appreciate this argument, but our experience causes us respectfully to disagree as to its significance.  Though the actions certainly present some individual issues, this is true of products liability cases, generally.  *In re Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010).  Section 1407, however, does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization.  *In re Denture Cream Prods. Liab. Litig.*, 624 F. Supp. 2d 1379 (J.P.M.L. 2009); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d 1377 (J.P.M.L. 2001).  Transferee judges can accommodate common and individual discovery tracks, gaining the benefits of centralization without delaying or compromising consideration of claims on their individual merits.  *In re: Yamaha Motor Corp. Rhino ATV Prods. Liab. Litig.*, 597 F. Supp. 2d 1377 (J.P.M.L. 2009).  We believe that this dual approach is viable here as it has been in other products liability dockets.  *See, e.g., In re: Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.,* 655 F. Supp. 2d 1343 (J.P.M.L. 2009); *In re: Chantix (Varenicline) Prods. Liab. Litig.,* 655 F. Supp. 2d 1346 (J.P.M.L. 2009); *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005).  Our experience from the *PPA* litigation is that a single judge can resolve collective issues expeditiously and, then, suggest Section 1407 remand of actions to transferor courts for more individual discovery and trial, if necessary.

Some defendants also argue that centralization will delay the resolution of threshold dispositive issues.  Again, we respectfully disagree.  The transferee judge can develop a pretrial program that will insure the needs of the respective parties for any unique discovery or individual judicial attention are accommodated concurrently with the common pretrial matters.  *In re Zyprexa*

- 3 -

*Prods. Liab. Litig.,* 314 F. Supp. 2d at 1381; *In re Smith Patent Litig.*, 407 F. Supp. 1403 (J.P.M.L. 1976). The transferee judge also can use any number of pretrial techniques, such as plaintiff fact sheets and separate motion tracks, to resolve threshold issues promptly.

Consequently, the Panel's judgment is that, on balance, transfer of these cases under Section 1407 will allow a single judge to formulate a pretrial program that prevents duplicative proceedings on common issues and allows pretrial procedures on case specific issues to proceed either concurrently or after Section 1407 remand. *See, e.g., In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 974 (J.P.M.L. 1979). This approach will ensure that pretrial proceedings promote the just and expeditious resolution of all actions to the overall benefit of the parties. *In re Denture Cream Prods. Liab. Litig.*, 624 F. Supp.2d at 1381.

The Eastern District of Kentucky is the first choice of all responding defendants. The Covington division is accessible to parties outside Kentucky. Judge Danny C. Reeves has extensive private civil litigation and judicial experience to organize this litigation for a prudent course. Because potential plaintiffs and putative class members will reside in every corner of the country and defendants are located in several states, the location of the currently filed cases is not a particularly significant factor in our decision. That no constituent action is currently pending in the Eastern District of Kentucky, while not optimal, is not an impediment to its selection as the transferee district. Since all the actions in this docket are at an early stage, transfer to another district should not be disruptive. *In re BP p.l.c. Sec. Litig.*, 734 F. Supp. 2d 1376 (J.P.M.L. 2010). Relevant documents and witnesses likely are located within the Eastern District of Kentucky at defendant Xanodyne's Newport headquarters. *See In re Polyurethane Foam Antitrust Litig.*, 753 F. Supp. 2d 1376 (J.P.M.L., 2010) (choosing a district that has a "nexus to the litigation through the location of the headquarters of [one of the defendants]").

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Kentucky (Covington Division) and, with the consent of that court, assigned to the Honorable Danny C. Reeves for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.     Barbara S. Jones

IN RE: DARVOCET, DARVON AND PROPOXYPHENE
PRODUCTS LIABILITY LITIGATION                               MDL No. 2226

## SCHEDULE A

Middle District of Florida

Mary A. Mendoza v. Xanodyne Pharmaceuticals, Inc., C.A. No. 8:11-00384

Eastern District of Louisiana

Linda Gallagher v. Xanodyne Pharmaceuticals, Inc., C.A. No. 2:10-04455
Billy Lambert, et al. v. Xanodyne Pharmaceuticals, Inc., et al., C.A. No. 2:11-00524
Jeanette Babin, et al. v. Xanodyne Pharmaceuticals, Inc., C.A. No. 2:11-00612

Western District of Louisiana

Gloria Babineaux v. Xanodyne Pharmaceuticals, Inc., C.A. No. 6:10-01836
Rosemary Derryberry v. Xanodyne Pharmaceuticals, Inc., C.A. No. 6:10-01841

District of Maryland

Paul Neil Smith, et al. v. Mylan Pharmaceuticals, Inc., et al., C.A. No. 1:11-00596

Northern District of Mississippi

Elizabeth Hunsucker v. Xanodyne Pharmaceuticals, Inc., et al., C.A. No. 3:11-00023

Southern District of Mississippi

Willie Washington v. Xanodyne Pharmaceuticals, Inc., et al., C.A. No. 5:11-00042

Eastern District of New York

Kristine Esposito v. Xanodyne Pharmaceuticals, Inc., C.A. No. 1:10-05737
Patricia Corso, et al. v. Teva Pharmaceuticals USA, Inc., et al., C.A. No. 2:11-01383
Jean Alix v. Eli Lilly and Company, et al., C.A. No. 2:11-01456

Southern District of Ohio

Tammy Gilbert, et al. v. Eli Lilly and Company, et al., C.A. No. 1:11-00017

- A2 -

**MDL No. 2226 Schedule A (Continued)**

<u>Western District of Oklahoma</u>

Carolyn West v. Qualitest Pharmaceuticals Inc., et al., C.A. No. 5:11-00169

<u>Eastern District of Pennsylvania</u>

Gregory P. Trimboli v. Xanodyne Pharmaceuticals, Inc., et al., C.A. No. 2:11-01650
Theresa Eldredge v. Xanodyne Pharmaceuticals, Inc., et al., C.A. No. 2:11-01882

<u>Western District of Tennessee</u>

Mary Ann Kellehar v. Xanodyne Pharmaceutical, Inc., C.A. No. 2:11-02038